CATHERINE A. DENNEHY vs. TOWN OF WALPOLE & another[1] (and a companion case[2]). Nos. 87-1125 & 87-1126. July 8, 1988.·*Taxation*, Real estate tax: tax taking, assignment of tax title. *Real Property*, Assignment of tax title, Tenants by the entirety. *Tenants by the Entirety*.

After acquiring the interest of a husband in land held by him as a tenant by the entirety with Kathryn M. Simpson, the plaintiff[3] sought to protect her interest in the property, which was the subject of a tax taking by the town. She brought this action in the Land Court seeking an assignment of the tax title from the town by the procedure (explained hereafter) followed in *Brown* v. *Boston*, 353 Mass. 740 (1968). The town refused, claiming that G. L. c. 60, § 52, as now in force and as amended subsequent to

---

[1] Kathryn M. Simpson. Although an appearance for Kathryn M. Simpson was filed, her counsel was permitted to withdraw by the trial court.

[2] Town of Walpole vs. David Simpson & others, an action to foreclose the right of redemption.

[3] The plaintiff was the grantee of one of the husband's creditors. Her grantor acquired the title by purchase of the husband's interest at a sheriff's sale.

*Brown*, see note 6, *infra*, requires a town to hold a public auction before it can assign a tax title. A judge of the Land Court agreed and entered judgments declaring that the plaintiff has standing to redeem by paying the amounts due and that G. L. c. 60, § 52, only permits the assignment of a tax title to the highest bidder after a public auction. We affirm.

In *Brown* v. *Boston*, 353 Mass. 740 (1968), after the city had filed a petition to foreclose its tax lien, the wife, a tenant by the entirety, sought to require the city "upon payment of the amount due to it for redemption to transfer its tax title to her nominee and to consent to the substitution of the transferee as plaintiff in the tax title foreclosure proceeding." *Id.* at 741. This arrangement was proposed because the husband refused to make any payments or to join in placing a mortgage to a lender for the purpose of providing the funds necessary to redeem from the tax lien. The court required the town to assign the tax title but refrained from deciding the effect between the husband and wife of carrying out the plan, noting only, "It is of no concern to the city that protection of Mrs. Brown's interest may involve destruction of Brown's interest in the tenancy by the entirety." *Id.* at 744.

The plaintiff at bar is seeking the assignment route used in *Brown* in an attempt to preclude the wife, who has taken no part in these proceedings, see note 1, *supra*, from obtaining the fee in the event she survives the husband.[4] The governing statute in *Brown*, however, is no longer in effect.[5] As stated by the judge of the Land Court, the course proposed by the plaintiff "would directly contravene the language of section 52[6] which requires a sale at public auction . . . . The precatory language [i.e., "may"]

---

[4] We do not intimate that the plan, if followed, would succeed, or whether policy considerations, as the Land Court judge suggested, might militate against ordering a tax assignment which might give a husband's creditor greater rights against the wife than otherwise would be the case in a tenancy by the entirety.

[5] The second sentence of G. L. c. 60, § 52, as appearing in St. 1936, c. 392, § 1, and as in effect at the time of that decision, see *Brown*, at 741 n.1, read in relevant part: "The treasurer of any city . . . holding a tax title, upon payment . . . of a sum not less than the amount necessary for redemption, may assign and transfer such tax title to any person . . . ."

[6] As amended by St. 1973, c. 249, the relevant part of G. L. c. 60, § 52, provides:

"Cities and towns may make regulations for the possession, management and sale of land purchased or taken for taxes, not inconsistent with law or with the right of redemption. The treasurer of any city or town holding a tax title may assign and transfer such tax title to the highest bidder after a public auction, after having given fourteen days' notice of the time and place of such public auction by publication, which notice shall conform to the requirements of section forty, and after having posted such notice in two or more convenient and public places in said city or town, provided that the sum so paid for such assignment is not less than the amount necessary for redemption, and may execute and deliver on behalf of the city or town any instrument necessary therefor."

refers to assignment, not to the method of sale." See *Hardy* v. *Jaeckle*, 371 Mass. 573, 574 n.3 (1976).

*Judgments affirmed.*

*Leon M. Fox* for the plaintiff.

*James E. Coppola, Jr.,* for the town of Walpole.